UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-60190-Rosenberg/Augustin-Birch

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

FILED BY ___SM___ D.C.

Sep 24, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

vs.

ROBERT L. MARTIN,

   Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. The defendant, **ROBERT L. MARTIN,** was a resident of Broward County, Florida.

2. Company 1 was a satellite communications provider with a principal place of business in Houston, Texas that serviced customers globally.

3. The defendant, **ROBERT L. MARTIN**, was employed as a remote systems operations engineer of Company 1 from in and around October 2015 to in and around January 2024.

4. In connection with his employment, the defendant was issued a Company 1 corporate American Express credit card ending in 1-61007 ("Credit Card") and had

signatory authority bearing responsibility for the Credit Card during his employment with Company 1. Company 1 issued the Credit Card to the defendant to make certain purchases for authorized items for Company 1's benefit.

## COUNT 1
## (Wire Fraud)
## 18 U.S.C. § 1343

5. Paragraphs 1 through 4 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

6. From in or about June 2022, through in or about January 2024, in Broward County, in the Southern District of Florida, the defendant,

**ROBERT L. MARTIN**,

devised and intended to devise a scheme and artifice to defraud Company 1 and others, to obtain money and property belonging to Company 1 and others, by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME AND ARTIFICE

7. It was the purpose of the scheme and artifice for the defendant to use his position as employee of Company 1 to enrich himself by diverting to him personal benefit money and property belonging to Company 1, which ultimately resulted in a financial loss to Company 1 of approximately $421,273.52.

[Intentionally left blank]

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

8. It was part of the scheme and artifice that the defendant used the Credit Card to make unauthorized financial transfers and purchases of, among other things, various personal items and financial investments to his personal benefit.

9. It was further part of the scheme or defraud that the defendant would use his cellular phone or other electronic device connected to an internet and communications network while in Broward County, Florida, to initiate a financial transfer from the Credit Card through a third-party mobile payment application system to Recipient 1 in New York, New York.

## THE WIRE COMMUNICATIONS

10. On or about the date listed below, in Broward County, within the Southern District of Florida, the defendant,

**ROBERT L. MARTIN**,

for the purpose of executing the above-described scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, as more specifically described below:

11. The allegations in 3 through 10 of this Information are realleged as though fully set forth therein.

[Intentionally left blank]

| Approx. Date | Wire Communication |
| --- | --- |
| March 27, 2023 | Electronic transfer of funds in the amount of $3,605.00 from the Credit Card within the Southern District of Florida to Recipient 1 located in New York by **MARTIN's** electronic device. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

12. The allegations in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ROBERT L. MARTIN**, has an interest.

13. Upon conviction of a violation, or a conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

14. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following: a sum of approximately $421,273.52 which represents the total amount of funds involved in or derived from the alleged offenses and may be sought as a forfeiture money judgment,

15. If any property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been comingled with other property which cannot be divided without difficult,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

*[signature: BRUCE D. BROWN]*
FOR MARKENY LAPOINTE
UNITED STATES ATTORNEY

*[signature]*
ADAM LOVE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Robert L. Martin,

                                Defendant.

CASE NO.: 24-cr-60190-Rosenberg/Augustin-Birch

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☒ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
ADAM LOVE
Assistant United States Attorney
Court ID No.   A5503182

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____ROBERT L. MARTIN_____

**Case No**: _____

Count #: 1

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 24-cr-60190-Rosenberg/Augustin-Birch |
| Robert L. Martin ) | |
| ) | |
| _Defendant_ ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Michael White
_Printed name of defendant's attorney_

_____
_Judge's signature_

Honorable Patrick M. Hunt, U.S. Magistrate Judge
_Judge's printed name and title_